The opinion of the court was delivered by
Fenner, J.
The ease involves a controversy as to the amount of, *10 license due by defendants to the city under the license ordinance of' 1889, which is a transcript of the State license law, Act 101 of 1886.
The points of the controversy are two:
1. Whether defendants, who have paid license as retail grocers, are liable for an additional license as wholesale grocers.
2. The amount of license due by them as retailers of liquors in less quantities than five gallons.
I.
We have decided that merchants who transact business both as wholesale and retail dealers are liable to a license in each capacity. City vs. Koen, 88 An. 828.
We see no reason to disturb the finding of the district judge that the evidence in this case does not establish that defendants carry on a wholesale business within the meaning of the ordinance or the statute.
II.
The law contains the following proviso:
“Provided, That if any distilled, vinous, malt or other kind of mixed liquors be sold in connection with the business of retail merchant, grocer, restaurant, oyster house, confectionery or druggist, in in less quantities than five gallons, the license for such additional business shall be as hereinafter provided for in Section 11 of this Act; provided further, that no license shall issue to sell liquors in less quantities than five gallons for less than fifty dollars ($50).”
Defendants admit that they sell liquors in less quantities than five gallons and concede their liability for a license of $50 for this additional business.
The city claims that the license must be regulated according to Section 11 of the Act; and if we could find any means of applying such regulation we should enforce it. But referring to Section 11 we find that it regulates three classes of business, each by a different system of graduated licenses, viz:
1. The business of “keeping a hotel.”
2. The “business of bar room, cabaret, coffee house, cafe, beer saloon, liquor exchange, drinking saloon, grog shop, beer house, beer garden or other place where anything is to be drunk or eaten on the premises is sold directly or indirectly.”
3. The business of “persons engaged in the sale of soda water,, mead, confections, cakes, etc., exclusively.”
*11 Now defendants do not keep a hotel; they do not keep a soda water and confectionery establishment; and it is positively proved they do not keep a cabaret, bar room or any other class of establishment nominated in the section, and that nothing “to be drunk or eaten on the premises is sold directly or indirectly.”
Tliei’e is no better reason for requizlng defendants to pay the license exacted of a bar room than to pay that exacted from a soda water and confectionery shop; and as to the latter, the highest license imposed is fifty dollars.
No consideration of reason, policy or morals suggests a preference between the several classes of licenses provided for in Section 11.
When, therefore, we obey the direction of the statute and refer to Section 11, we find there no certain rule, by which to regulate defendants’ license. We, therefore, fall back on the other proviso, which unambiguously declares that it shall not be “less than §50,” and approve the finding of the district judge in fixing it at that amount.
The suggestion of the city that this would have effect of making the license unconstitutional for want of graduation is not correct.
This additional business is only part of defendants’ business as retail grocers, the license on which business as a whole is duly graduated, and the addition of §50 to each class in cases where liquors are sold does not destroy the graduation.
Judgment affirmed.